**In re Anonymous No. 94 D.B. 89**

Disciplinary Board Docket no. 94 D.B. 89.

GILBERT, *Member,* November 21, 1990—Respondent, [ ], Esq., born in 1942, was admitted to the practice of law in the Commonwealth of Pennsylvania in 1970. His office is located at [ ].

On September 18, 1989, Office of Disciplinary Counsel filed a petition for discipline alleging respondent engaged in various misconduct while handling a civil matter on behalf of [A]. Specifically, Office of Disciplinary Counsel charged respondent with neglecting his client's legal matter; failing to

take reasonable steps to avoid foreseeable prejudice to the rights of his client; failing to promptly return his client's file as requested; and failing to withdraw upon discharge by his client. It also was averred that respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by placing or causing to be placed his client's signature on the verification of the answers to the interrogatories without his client's authorization.

On October 20, 1989, respondent filed an answer to the petition for discipline, in which he advised that he was unable to respond to the allegations contained in the petition due to the fact that the entire file was in the possession of his client.

On October 23, 1989, the matter was referred to Hearing Committee [   ], comprised of [   ].

At respondent's request, a prehearing conference was held on January 19, 1990, at which respondent was given the opportunity to review his client's file. A hearing was held on April 9, 1990, at which respondent appeared pro se. On August 1, 1990, the hearing committee filed its report, recommending respondent receive a private reprimand. The committee determined that respondent's conduct constituted a "technical" violation of D.R. 2-110(B)(4)—failing to withdraw from representation upon discharge by his client. The committee dismissed all other charges.

On August 15, 1990, Office of Disciplinary Counsel filed a brief on exceptions in which petitioner excepted to the hearing committee's finding of fact, conclusions of law and recommended discipline. Office of Disciplinary Counsel argued that there was clear and convincing evidence presented at the hearing which supports a determination that respondent violated all of the Disciplinary Rules charged in the petition for discipline. Petitioner urged that

respondent be suspended for a period in excess of one year. (Pet. brief on exceptions at 3.) Respondent did not file a brief opposing petitioner's exception to the report and recommendation of the hearing committee.

The matter was adjudicated by the full board at its regularly scheduled meeting held on September 27, 1990.

## FINDINGS OF FACT

Respondent, [ ], Esq., born in 1942, was admitted to the practice of law in the Commonwealth of Pennsylvania in 1970. His office is located at [ ]. [Respondent] has practiced law for 20 years and has no prior disciplinary history. (N.T. 1-19.)

In April 1984, [A] retained the law firm of [B] to represent him in a medical malpractice claim against [C], M.D., an orthopedic surgeon. Mr. [A] entered into a written contingency agreement with the firm (N.T. 19-20.) Initially, [D], Esq., an associate of the firm, discussed the case with Mr. [A]. (N.T. 36.) From the start, Mr. [A] was advised and understood that expert medical testimony was necessary in order to proceed with the case. (N.T. 51-52.)

On August 23, 1984, respondent filed a medical malpractice action in [ ] County at no. [ ].

Early in the case, respondent was unable to secure a medical expert to prove the alleged malpractice of Dr. [C]. Respondent advised Mr. [A] of this problem and assisted Mr. [A] in retaining new counsel. (N.T. 36-37.) Respondent provided Mr. [A] with a list of attorneys who were experts in the area of medical malpractice. (N.T. 36-37.) As a result, from 1985 to 1987, Mr. [A] consulted with alternative counsel. Mr. [A] first consulted with [E], Esq. According to Mr. [A], Mr. [E] advised him that the

case was "too tricky and he did not have time to work on it." (N.T. 37-38.) Mr. [A] also consulted with [F], Esq., who also rejected the case. Mr. [F] provided Mr. [A] with a medical expert report stating that the "doctor was within the realm of proper procedure." (N.T. 38.) The record which had been forwarded to both counsel was returned to respondent, who continued in his representation of Mr. [A]. (N.T. 36-40.)

In the interim, on January 17, 1985, [G], Esq., counsel for the defendant, Dr. [C], served on respondent interrogatories in regard to the issue of an expert witness. (Pet. exh. 1.) On January 18, 1985, notice of deposition of Mr. [A] was sent to respondent. Mr. [G] also requested authorizations to obtain Mr. [A's] medical records. Due to respondent's lack of response which in part could be attributed to the lack of cooperation from Mr. [A] and the fact Mr. [A] was hospitalized at certain times, Mr. [G] was forced to file numerous motions to compel discovery and motions for sanctions. (Pet. exh. 1, 9-15.) Mr. [G] eventually received all of the authorizations executed by Mr. [A] and after being rescheduled eight times, the deposition of Mr. [A] was taken in October 1986. Respondent was present at Mr. [A's] deposition. (N.T. 69.)

On March 2, 1987, the court issued an order directing respondent to file an answer to the interrogatories of 1985 within 30 days or the court would consider a motion to dismiss the action. On April 2, 1987, respondent filed an answer to the interrogatories. However, the signature on the affidavit to the answer to the interrogatories was not that of Mr. [A]. (N.T. 70.) Respondent prepared the following response to the question as to the identity of plaintiff's expert witness: "As of the date of dictation of these interrogatories answers [sic], plaintiff has not

yet retained a medical expert witness to testify at time of trial, however, he expects to do so within the next 30 days." (Pet. exh. 14.) After respondent failed to provide the name of an expert or an expert's report, Mr. [G] filed a motion to compel discovery on June 22, 1987. (Pet. exh. 1.)

By letter dated July 31, 1987, respondent was discharged by his client. (Pet. exh. 5.) By letter dated August 5, 1987, respondent acknowledged receipt of this letter of discharge and advised that he would forward Mr. [A's] file. (Pet. exh. 6.) At his client's request, respondent forwarded the file to Attorney [H] by the end of September 1987. (N.T. 44.)

However, despite his discharge, on September 6, 1987, respondent indicated to Mr. [G] that he had no objection to defendant's motion to compel discovery dated June 22, 1987. (N.T. 71.) As a result of respondent's representation to the court that there was no objection to the motion, the court of common pleas issued an order dated September 8, 1987, directing "the plaintiff to file full and complete answer to interrogatories outstanding and produce an expert's report within 60 days hereof or be subject to further sanctions." (Pet. exh. 1.) Respondent advised both Mr. [A] and attorney [H] that the court issued the "60-day order." (N.T. 44, 108.) On November 9, 1987, Mr. [G] filed a motion for judgment of non pros against Mr. [A] for failure to file an expert report. (Pet. exh. 1.) The court stated that it "will entertain a petition to open the judgment of non pros within 30 days of the date of the order." (Pet. exh. 1.) By letter dated January 29, 1988, respondent confirmed his telephone conversation with Mr. [A] in which he advised Mr. [A] of the following: Defendant is presenting a motion for judgment of non pros on February 1, 1988; Judge [I]

would hear Mr. [A] if he wished to appear; an issuance of an order of non pros will be the conclusion of the lawsuit; and Mr. [A] should contact his "new counsel." Mr. [A] advised respondent that he did not have an attorney and had no intention of opposing the motion of judgment of non pros. (Pet. exh. 24.) Attorney [H], the last lawyer Mr. [A] consulted, had refused to handle Mr. [A's] case. (N.T. 44.) Mr. [A] also testified that it was quite possible that Attorney [H] told him that "he could not find an expert witness willing to testify." (N.T. 44.)

## DISCUSSION

The issue before the board is twofold: Whether respondent's conduct constituted a violation of the Disciplinary Rules of the Code of Professional Responsibility, and what is the appropriate discipline to be imposed. The hearing committee recommended respondent receive a private reprimand after determining that respondent's conduct only constituted a violation of D.R. 2-110(B)(4)—failing to withdraw from representation upon discharge by his client. Office of Disciplinary Counsel argues that respondent's conduct constitutes a violation of all the Disciplinary Rules as charged in the petition for discipline and urges suspension in excess of one year. Although the board conducts its review of attorney discipline cases de novo, the board will be guided by the hearing committee's findings with respect to the matter of credibility. See *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 275, 472 A.2d 186, 188 (1983); *Office of Disciplinary Counsel v. Walker,* 469 Pa. 432, 366 A.2d 563 (1976).

## Failure to Withdraw Appearance

The evidence is clear that respondent was discharged by his client by letter dated July 31, 1987. (Pet. exh. 5.) By letter dated August 5, 1987, respondent acknowledged receipt of this letter of discharge. (Pet. exh. 6.) Thereafter, on about September 6, 1987, respondent bound his client by contacting defense counsel and indicating that he had no objection to defendant's motion to compel discovery. Finding no objection, the court entered an order directing plaintiff to file an expert's report within 60 days of the order. (Pet. exh. 1.) Respondent did not discuss this matter with his client prior to informing defense counsel that there was no objection. Respondent did not have the authority to act on behalf of his client at this time. Furthermore, respondent admits violating Disciplinary Rule 2-110(B)(4), requiring a lawyer to withdraw upon discharge by his client. (Resp. brief to hearing committee at 2.)

In view of the evidence and respondent's admission, the board concurs in the hearing committee's determination that respondent's conduct constitutes a violation of D.R. 2-110(B)(4).

## Conduct Involving Dishonesty

The signature on the affidavit to the answer to the interrogatories was not that of respondent's client. (N.T. 70.) Respondent's client testified that he did not execute the verification. Petitioner's handwriting expert, [J], filed a report stating that the signature is not that of Mr. [A], to which respondent stipulates. (Pet. exh. 20; N.T. 14.) However, Ms. [J] also testified that she could not state that the signature on the verification was the handwriting of respondent. (N.T. 16.) In response to the initial letter of allegation issued by petitioner, respondent

stated that Mr. [A] signed the affidavit in respondent's office. (Pet. exh. 24.) During the hearing, respondent testified that although he had previously stated otherwise, he sent the verification to Mr. [A] for execution and it was returned to him with signature affixed. (N.T. 94-95.) Respondent explained that at the time he made the first statement he did so without the aid of his client's file, which was in the possession of his client. The hearing committee resolved this credibility issue in favor of respondent and determined that the petitioner failed to prove by clear and convincing evidence that respondent's conduct constitutes a violation of Disciplinary Rule 1-102(A)(4). The board concurs in the hearing committee's determination.

### Other Matters

Respondent did not violate D.R. 2-110(A)(2), prohibiting a lawyer from withdrawing from employment before he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client. First, respondent did not withdraw from the case. Second, there is no evidence that respondent caused his client any harm. In fact, respondent assisted Mr. [A] in retaining new counsel, all of whom rejected the case.

Respondent did not violate D.R. 6-101(A)(3), prohibiting a lawyer from neglecting a legal matter entrusted. Failure to secure a medical expert willing to testify is not tantamount to neglect. The evidence indicates that Mr. [A] did not have a viable claim. Three other attorneys who reviewed the file rejected the case. One medical expert filed a report stating that in the [A] case the doctor charged with malpractice was "within the realm of proper procedure." If anything, respondent should have advised his client

that he could not find a medical expert witness and then withdrawn from the case.

Respondent did not violate D.R. 9-102(B)(4), failure to promptly return to his client the client's file. On August 5, 1987, Mr. [A] requested respondent to send his file to Mr. [H]. After a conversation with Mr. [H], in which Mr. [H] indicated his reluctance to handle the matter on behalf of Mr. [A], respondent forwarded the file to Mr. [H] by September.

### Factors in Mitigation

Respondent admitted that he engaged in misconduct in violation of D.R. 2-110(B)(4). The board believes that respondent is fully aware of his mistakes and will not permit such an instance of misconduct to occur in the future. There is no evidence that the client was harmed by respondent's misconduct.

## CONCLUSIONS OF LAW

Respondent's conduct constituted a violation of D.R. 2-110(B)(4)—an attorney must withdraw from representation upon discharge by his client.

## DETERMINATION

The Disciplinary Board of the Supreme Court of Pennsylvania hereby determines that the respondent receive an informal admonition, to be administered by Office of Disciplinary Counsel. Respondent is directed to pay the costs incurred in the investigation and prosecution of this matter.

Messrs. Tumolo and Gilardi did not participate in the adjudication.

## ORDER

And now, November 21, 1990, upon consideration of the report and recommendation of Hearing Committee [　] filed August 1, 1990; it is hereby ordered that the said [respondent] of [　] County be subjected to an informal admonition by Disciplinary Counsel as provided in Rule 204(a)(6) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by respondent.